WALTER B. NIVEN, PLAINTIFF, v. METROPOLITAN LUMBER COMPANY, A CORPORATION, DEFENDANT.

Submitted January 27, 1928—Decided May 1, 1928.

Before Justices PARKER, MINTURN and CAMPBELL.

For the plaintiff, *McCarter & English*.

For the defendant, *Merritt Lane*.

PER CURIAM.

This is a suit for alleged arrears of salary. The plaintiff had a verdict for the full amount claimed which the defendant on this rule says is excessive, and also urges that error was committed in the charge of the court at the trial.

The issue of fact, as we gather from the somewhat complicated state of the testimony which was due to the consolidation of another case with the present one for the purpose of trial, was whether the plaintiff was employed as a vice-president of the defendant company at a salary of $25,000 a year to date from October 1st, 1923, and on a half-time basis from August 15th, 1923, until September 30th, 1923; or, on the other hand, whether his salary was to be only $1,000 a month until the defendant company had been put on a sounder financial basis, and from that time to run at $25,000 per year. This was substantially the issue put to the jury.

The plaintiff's story was, at the time he was approached by the president of the defendant for the purpose of inducing him to enter its employment, he, the plaintiff, was working for a firm of certified public accountants and had become known to the officers of the defendant because he had been auditing the defendant's books; that they desired him to come over to them, and that he finally agreed to do so with the stipulation that until he could gracefully leave his former employers he would give them only half time, and, in due season, would come to them on full time. His claim, as already stated, was that beginning with full time the salary was to be $25,000 a year, but that he was not to draw more than $1,000 a month until such time as the company could afford to pay the full salary, and thereafter he was not only to receive that full salary, but to be paid for the balance of salary that had not been drawn during the first period. The claim on the part of defendant was that his salary was fixed at $1,000 a month during the period of stress, and that this had been paid. The court, in charging the jury, instructed them that even on the latter basis there would be arrears of salary amounting to $1,166.66 with interest, and that, if the plaintiff's claim was correct, he would be entitled to $8,106.69, with interest. The jury awarded the larger amount, and it is

argued that their verdict was against the weight of evidence. We think that it was, and find it unnecessary to go farther than to take the plaintiff's own testimony on the subject. The plaintiff testified as follows:

"He asked me what idea of salary I had, and I said, 'What is your idea?' And he said what was my idea, and I said $25,000, and Mr. Jacobson agreed.

"*Q.* You say he agreed. Give us the substance of what he said as nearly as possible. *A.* Mr. Jacobson said that salary was all right, but I knew as an auditor of the company that the cash position of the company was very poor, they had quite an amount of money involved in the real estate business, but it was tied up and not easy to liquidate and had great difficulty in meeting all their financial obligations, and I said, rather than pull out at the rate of $25,000 I would take $1,000 a month until the financial position of the company was such as to pay $25,000 a year. Mr. Jacobson said that he thought that was a good idea, and that his salary the previous year had been $50,000, and that he would keep his salary down to just what he required himself.

"*Q.* After making that arrangement did you enter into Mr. Jacobson's employ? *A.* I did on August 15th."

The plaintiff further testified that he worked on half time until September 30th, and that in August there was a meeting held and he was appointed vice-president and director, and that after September 30th he devoted all his time to the company's affairs. The resolution of appointment was received in evidence, and says nothing whatever with regard to the fixing of any salary.

Our interpretation of the plaintiff's testimony about the agreement concerning his salary is that the plaintiff was to accept $1,000 a month as his salary until the financial position of the company was such as to pay $25,000 a year, and we think this is confirmed by the statement that Mr. Jacobson, the president, agreed to reduce his own salary to correspond.

It is unnecessary to go further into the facts, and we think the verdict was against the weight of evidence, and that the jury were not justified in finding a larger verdict for the

plaintiff than $1,166.66, with interest. If the plaintiff will accept a reduction of the verdict to that amount the rule to show cause will be discharged; otherwise, it will be made absolute.

The reasons contain certain objections to portions of the charge, but as they are not argued, we have not considered them.